# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRELL HALE, | No. 4:25-CV-01445 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| E. SINES, | |
| Defendant. | |

## MEMORANDUM OPINION

### OCTOBER 28, 2025

Plaintiff Terrell Hale filed the instant *pro se* civil rights lawsuit in July 2025, alleging a violation of his Eighth Amendment rights by a federal official at FCI Allenwood Low, in White Deer, Pennsylvania. The Court will dismiss Hale's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.

## I.    BACKGROUND

Hale alleges that on July 17, 2025, commissary cashier E. Sines followed him after he had made a commissary purchase and—for no legitimate reason—physically and sexually assaulted him.[1] Specifically, Hale alleges that Sines "threw [him] up against the wall," knocked his personal property to the ground and stomped on it, and then strip-searched him, touching his buttocks and genitals.[2]

---

[1]  Doc. 1 ¶¶ 6-13.
[2]  *See id.* ¶¶ 8-12.

One week later, on July 24, 2025, Hale filed the instant complaint.[3]  He alleges that he is in the custody of the "Pennsylvania Department of Corrections" and that Sines "acted under . . . Color of State Law."[4]  However, Hale is clearly in the custody of the Federal Bureau of Prisons (BOP), as he is a serving a federal criminal sentence at a federal correctional institution,[5] and so it follows that Sines is a federal official who is acting under color of federal law, not state law.

Hale asserts that Sines' conduct violated his Eighth Amendment rights.  It thus appears that Hale is attempting to raise a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[6]  Hale's complaint, however, must be dismissed because he fails to state a claim upon which relief may be granted.

## II.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[7]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[8]  This language closely tracks Federal Rule

---

[3]   *See* Doc. 1 at p. 5.
[4]   *Id.* ¶¶ 3-5.
[5]   *See United States v. Hale*, No. 1:23-cr-00040-02, Doc. 76 (E.D. Va. July 21, 2023); Doc. 1 ¶ 3.
[6]   *See* Doc. 1 ¶ 1.
[7]   *See* 28 U.S.C. § 1915A(a).
[8]   *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[9]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[10] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[11] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[12]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[13] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[14] Second, the court should distinguish well-

---

[9] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[10] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[11] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[12] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[13] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[14] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[15]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[16] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

Because Hale proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[18]  This is particularly true when the *pro se* litigant, like Hale, is incarcerated.[19]

## III.    DISCUSSION

It is clear from the face of Hale's complaint that he has failed to exhaust administrative remedies.  Accordingly, he has failed to state a claim upon which relief may be granted and his complaint must be dismissed.

The Prison Litigation Reform Act of 1995 (PLRA)[20] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged

---

[15]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[16]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[17]  *Iqbal*, 556 U.S. at 681.
[18]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[19]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[20]  42 U.S.C. § 1997e *et seq.*

constitutional violations.[21]  Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.[22]  Failure to properly exhaust generally results in the claim being procedurally defaulted and unreviewable.[23]  The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated.[24]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[25]  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[26]

Generally, failure to exhaust administrative remedies is an affirmative defense, not a pleading requirement.[27]  Nevertheless, when it is apparent from the face of the complaint that a plaintiff has failed to administratively exhaust a claim,

---

[21]  *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).

[22]  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

[23]  *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).

[24]  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.

[25]  *See generally* 28 C.F.R. §§ 542.10-.19.

[26]  *See id.* §§ 542.13-.15.

[27]  *See Jones*, 549 U.S. at 216.

dismissal may be appropriate based on "failure to state a claim."[28]  This includes

*sua sponte* dismissal for failure to state a claim.[29]

In the instant case, it is plainly evident from the face of Hale's complaint

that he did not exhaust administrative remedies for his Eighth Amendment claim

before he filed his lawsuit.  Hale alleges that the assault by Sines occurred on July

17, 2025, and—under the federal prisoner mailbox rule—he filed the instant

complaint just one week later, on July 24, 2025.[30]  Under no circumstances is it

possible that Hale pressed his claim through the BOP's multi-step administrative

remedy process and received a final decision on the merits.  In fact, it is unlikely

that Hale could have completed even the initial formal step in the seven days

between the incident and his federal filing.

Furthermore, there is no futility exception to Section 1997e's exhaustion

mandate.[31]  Thus, from the face of Hale's complaint, it is clear that his Eighth

Amendment claim is unexhausted.  Consequently, his complaint must be dismissed

---

[28]   *See Ball v. Famiglio*, 726 F.3d 448, 460 (3d Cir. 2013*), abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

[29]   *See Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (citations omitted); *Booth v. Churner*, 206 F.3d 289, 290-91, 300 (3d Cir. 2000) (affirming district court's *sua sponte* dismissal where prisoner-plaintiff conceded in his complaint that he did not exhaust administrative remedies); *Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 112 n.3 (3d Cir. 2008) (nonprecedential) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss *sua sponte* a complaint . . . which facially violates a bar to suit.").

[30]   *See* Doc. 1 at p. 5; *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

[31]   *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).

under Section 1915A(b)(1) for failure to state a claim upon which relief may be

granted.[32]

At this point, it is presumed that Hale cannot exhaust administrative

remedies.  Under the BOP's administrative exhaustion rules, submission of a

formal Administrative Remedy Request must occur within "20 calendar days

following the date on which the basis for the Request occurred."[33]  Thus, Hale has

likely procedurally defaulted his claim and it is unreviewable.[34]  As the United

States Court of Appeals for the Third Circuit has explained, reading a procedural

default component into the statutory exhaustion requirement serves the following

policy objectives: "(1) to return control of the inmate grievance process to prison

administrators; (2) to encourage development of administrative record, and perhaps

settlements, within the inmate grievance process; and (3) to reduce the burden on

the federal courts by erecting barriers to frivolous prisoner lawsuits."[35]  A

procedural default rule bolsters all three goals by preventing "an end-run around

the exhaustion requirement" and creating an "overwhelming incentive for a

prisoner to pursue his claims to the fullest within the administrative grievance

---

[32]  *See Ray*, 285 F.3d at 293 n.5; *Ball*, 726 F.3d at 460; *Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019) (nonprecedential) ("Sua sponte dismissal for failure to exhaust may be warranted when a plaintiff expressly concedes that failure on the face of the complaint.").
[33]  *See* 28 C.F.R. § 542.14(a).
[34]  *See Spruill*, 372 F.3d at 230.
[35]  *Id.*

process."[36]  Nevertheless, because it is possible that Hale initiated the administrative remedy process *after* he filed the instant federal complaint, the Court will err on the side of caution and dismiss his case without prejudice.

## IV.  CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Hale's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36]  *Id.*